IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Stonhard, Inc., )<br>  )<br>　　　　　Plaintiff, )<br>  )<br>vs. )<br>  )<br>Carolina Flooring Specialists, Inc., )<br>Daniel Parham and Manuel T. Parham, )<br>  )<br>　　　　　Defendants. )<br>  ) | Civil Action No. 6:03-1908-HFF-BHH<br><br>**O R D E R** |

　　　　This matter is before the court on the defendants' motion to stay. The motion was referred to this court for disposition pursuant to Title 28, United States Code, Section 636, by order of the Honorable Henry F. Floyd, United States District Judge on April 21, 2005.

　　　　This case involves employment contracts between the plaintiff and the individual defendants. On November 19, 2004, Judge Floyd granted the defendants' motion to certify certain questions to the South Carolina Supreme Court. Those certified questions are currently before the Supreme Court. Discovery in this case expired on March 16, 2004. The defendants state in their motion that the plaintiff is still serving requests for production, issuing discovery subpoenas, and attempting to schedule additional depositions. The defendants now move the court to stay the case pending the resolution of the certified questions.

　　　　The plaintiff seeks to have certain discovery exempted from the stay. Specifically, the plaintiff seeks to depose four individuals who were discovered "after depositions of two surprise witnesses, Havens and Whitt, taken on October 4, 2004" (pl. resp. m. to stay). The plaintiff argues that it should be allowed discovery on the duty of loyalty issues while the non-compete issues are being addressed by the South Carolina Supreme Court (pl. resp. m. to stay 2). In their reply to the plaintiff's opposition, the defendants note that

they have notified the plaintiff that they do not intend to call Havens and Whitt at trial, which would eliminate the need for the rebuttal witnesses. The defendants also note that nothing prohibits the plaintiff from talking to the "newly identified" individuals or obtaining affidavits. The defendants argue that they do not know of any relevant information the four individuals may have, and they have no intention of calling any of these witnesses (def. reply 1-2).

The plaintiff further states that the defendants have failed to produce certain computer records and that the defendants are now "hiding behind the Scheduling Order" (pl. resp. m. to stay 1). The defendants replied that they produced the computer, obtained results from the plaintiff's expert, notified the court and the plaintiff of assertions of privilege, and assumed the plaintiff had obtained information from its expert. According to defense counsel, as soon as he knew the expert was awaiting authorization from him before he released the records, he notified the plaintiff's expert to release non-privileged documents. Accordingly, this issue appears moot.

Federal Rule of Civil Procedure 16(b) requires a showing of good cause in order for a scheduling order to be modified. As noted above, discovery in this case ended over a year ago. The plaintiff has not shown good cause to extend the discovery deadline. Furthermore, it appears to this court that the case should be fully stayed pending the resolution of the certified questions.

Based upon the foregoing,

IT IS ORDERED that the defendants' motion to stay is granted.

IT IS SO ORDERED.

                s/Bruce H. Hendricks
                United States Magistrate Judge

April 22, 2005

Greenville, South Carolina