

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| STONHARD, INC., § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 6:03-1908-HFF | |
| § | | |
| CAROLINA FLOORING SPECIALISTS, § | | |
| INC., DANIEL PARHAM and MANUEL T. § | | |
| PARHAM, § | | |
| Defendants. § | | |

MEMORANDUM OPINION AND ORDER

**I.  INTRODUCTION**

This action is before the Court on Defendants' motion for summary judgment as to 1) Plaintiff's claims for damages and specific performance relating to the non-compete agreement in this case and 2) Plaintiff's claims of Unfair Trade Practices. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**II.  BRIEF FACTUAL AND PROCEDURAL HISTORY**

Plaintiff sued Defendants on June 6, 2003, alleging, among other things, that Defendants violated 1) the terms of a non-compete agreement and 2) the Unfair Trade Practices Act. Plaintiff is a flooring company that uses a bidding process to gain customers. It contends that the individual Defendants established a competing flooring business while still employed with Plaintiff and used their knowledge of Plaintiff's pricing policy to marginally underbid Plaintiff on several occasions.

After Plaintiff became aware of this conduct, the individual Defendants were fired. Since then, they have continued to operate the competing flooring business.

### III.   STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears this initial burden of informing the Court of the basis for its motions, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654 (1962)).

"Once the moving party carries its burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. If an adverse party completely fails to make an offer of proof concerning an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322-23. Hence, the granting of summary judgment involves a three-tier analysis. First, the Court determines whether a genuine issue actually exists so as to necessitate a

2

trial. Fed. R. Civ. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Second, the Court must ascertain whether that genuine issue pertains to material facts. Fed. R. Civ. P. 56(e). The substantial law of the case identifies the material facts, that is, those facts that potentially affect the outcome of the suit. *Anderson*, 477 U.S. at 248. Third, assuming no genuine issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. Fed. R. Civ. P. 56(e).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327. The primary issue is whether the material facts present a sufficient disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson*, 477 U.S. at 251-52. The substantive law of the case identifies which facts are material. *Id*. at 248. Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of summary judgment.

**IV.    DISCUSSION**

  *A.    The non-compete agreement claims*

Defendants argue that, "[w]ith respect to . . . Plaintiff's claims for damages and specific performance relating to the non-compete agreement, the Supreme Court of South Carolina has answered . . . that the non-compete agreement at issue in this case is void as against public policy . . . . Thus, all causes of action and allegations relying upon breach of the void non-compete

3

agreement should be dismissed." (Pl.'s Mot. Summ. J. 1-2 (citing *Stonhard v. Carolina Flooring Specialists, Inc.* 366 S.C. 156, 621 S.E.2d 352 (2005)).) The Court agrees and will, therefore, enter judgment accordingly.

### B.     The Unfair Trade Practices claim

Defendants next contend that Plaintiff's Unfair Trade Practices claim should be dismissed since it involves an employee-employer relationship. The Court is unpersuaded.

Employer-employee relations matters are not covered by the Unfair Trade Practices Act. *Davenport v. Island Ford, Lincoln, Mercury, Inc.*, 320 S.C. 424, 428, 465 S.E.2d 737, 740 (Ct. App. 1995); *Miller v. Fairfield Communities, Inc.*, 299 S.C. 23, 28, 382 S.E.2d 16, 20 (Ct. App. 1989). The record in this case, however, demonstrates that Plaintiff's Unfair Trade Practices claim falls outside of the ambit of Plaintiff and the individual Defendants' employee-employer relationship. Accordingly, the Court is of the opinion that the granting of summary judgment based on this argument would be improper.

## V.     CONCLUSION

In light of the foregoing discussion and analysis, and having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of this Court that Defendants' motion must be **GRANTED** as to Plaintiff's claims for damages and specific performance relating to the non-compete agreement in this case and **DENIED** as to Plaintiff's claims of Unfair Trade Practices.

4

**IT IS SO ORDERED**.

Signed this 19th day of January, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
