IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| STONHARD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 6:03-1908-23 |
| | ) | |
| CAROLINA FLOORING SPECIALISTS, | ) | **ORDER** |
| INC., DANIEL PARHAM and MANUEL | ) | |
| T. PARHAM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon Defendants' motion for summary judgment and Plaintiff's motion for partial summary judgment. For the reasons set forth herein, the court denies Defendants' motion and grants in part and denies in part Plaintiff's motion.

**BACKGROUND**

Plaintiff Stonhard, Inc. ("Stonhard") is a flooring company that uses a bidding process to gain customers. In 1995, Stonhard hired Defendant Daniel Parham ("Daniel"). Three years later, Stonhard hired Daniel's brother, Defendant Manuel Parham ("Manuel"). Both brothers signed a contract of employment, which included a Code of Conduct section.[1]

In the complaint, Plaintiff alleges that Daniel and Manuel secretly formed Defendant

---

[1] The Code of Conduct section provides, *inter alia*, the following:

> Employees or members of their families should not own a significant financial interest in any business entity seeking to do business with or competing with Stonhard unless (1) such interest has been fully disclosed to Stonhard's management and (2) the employee's duties for Stonhard do not require decisions which could be influenced by such financial interests.

(Pl. Compl. Ex. C.)

Carolina Flooring Specialists, Inc. ("Carolina Flooring") to compete with Stonhard in May of 2002. Specifically, Plaintiff alleges that Daniel and Manuel formed this competing business using the training, expertise, contacts, and products they received from Stonhard. After discovering that Defendants formed Carolina Flooring, Plaintiff terminated Defendants, and on June 6, 2003, Plaintiff filed a complaint asserting the following ten causes of action: (1) breach of fiduciary duty; (2) breach of contract; (3) breach of contract accompanied by a fraudulent act; (4) tortious interference with contractual rights and advantageous relationships; (5) interference with advantageous relationship in breach of contract; (6) conversion; (7) unfair trade practices; (8) accounting and constructive trust; (9) misappropriation of corporate opportunities; and (10) specific performance.

In their answer to Plaintiff's complaint, Defendants admit forming Carolina Flooring but deny they used any products or contacts from Stonhard in the business of Carolina Flooring. Defendants assert various defenses to Plaintiff's complaint, including illegality of the contract and election of remedies. Additionally, Defendants raise the following counterclaims: (1) breach of contract; (2) violation of South Carolina's wage payment statute, S.C. Code Ann. § 41-10-50; (3) breach of the implied covenant of good faith and fair dealing; and (4) unjust enrichment.

On October 12, 2004, Defendants moved the court to certify certain questions of state law to the South Carolina Supreme Court. Thereafter, on November 19, 2004, the court agreed to certify, as modified, the following three questions to the South Carolina Supreme Court:

(1) May a non-compete agreement that contains a New Jersey choice-of-law provision but no geographical limitation be reformed (or "blue-penciled") in accordance with New Jersey law and then enforced in South Carolina?
(2) May a non-compete agreement that is reformed (or "blue-penciled") under New Jersey law apply to support an award of damages for the breaches occurring prior to the time the agreement is reformed?

2

> (3) Does South Carolina law allow a court to grant equitable relief extending the term of a non-compete agreement beyond its stated expiration date?

The South Carolina Supreme Court answered all three questions in the negative.[2] *See Stonhard, Inc. v. Carolina Flooring Specialists, Inc.*, 621 S.E.2d 156 (2005).

Following the South Carolina Supreme Court's decision, Defendants filed a motion for summary judgment, seeking dismissal of Plaintiff's claims for damages and specific performance related to the alleged breach of the non-compete agreement and Plaintiff's unfair trade practices cause of action. The court issued an Order on January 19, 2006, granting Defendants' motion as to Plaintiff's claims for damages and specific performance relating to the non-compete agreement and denying Defendants' motion as to Plaintiff's unfair trade practices claim.[3]

Following the resolution of various other motions, this case went to trial on March 7, 2006, before the Honorable Henry F. Floyd. However, due to certain remarks made during opening statement, Judge Floyd declared a mistrial. Thereafter, Defendants filed a motion in limine, in

---

[2] The covenant not to compete was titled "DUTY OF LOYALTY AND COVENANT OF NON-COMPETITION" and provided, *inter alia*, the following:

> . . . during my employment with Stonhard and within a period of one (1) year subsequent to termination of my employment with Stonhard, regardless of the reason for such termination, I shall not compete with Stonhard by engaging in any activity similar to the activities I undertake during the course of my employment with Stonhard. I further agree that during such one year period subsequent to my termination of employment, I shall not, directly or indirectly, solicit any Stonhard employee to work for me, except for my employer or for any Stonhard competitor.

(Pl.'s Compl. Ex. B at 2.)

[3] In his Order issued January 19, 2006, Judge Floyd agreed with Defendants' assertion that "all causes of action and allegations relying upon the breach of the void non-compete agreement should be dismissed." (Jan. 19, 2006 Order at 3, 4.) Thus, Judge Floyd granted summary judgment as to Plaintiff's claims for damages and specific performance relating to the non-compete agreement.

which they assert that the granting of a mistrial had the effect of striking their defenses of illegality and public policy.[4] Thus, Defendants seek an Order prior to trial that they will be able to fully present their affirmative defenses, including any evidence that the underlying contract is illegal, void, and violates public policy. Plaintiff opposes Defendants' motion and claims that evidence relating to the non-compete is irrelevant to the causes of action in this case.

Additionally, on March 24, 2006, Defendants filed a motion for summary judgment on all of Plaintiff's claims. Plaintiff opposes Defendants' motion for summary judgment; on March 28, 2006, Plaintiff filed a motion for partial summary judgment on Defendants' cross-claims for breach of the duty of loyalty and violation of South Carolina's wage payment statute.[5] On April 4, 2006, this case was reassigned to the Honorable Patrick Michael Duffy.

## STANDARD OF REVIEW

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party.

---

[4] In their motion in limine, Defendants seek an Order allowing them to fully present the "defenses of illegality and public policy by presenting evidence that the contract upon which Plaintiff's claims rely is illegal, void, violates public policy and should not be enforced in South Carolina." (Defs.' Mot. in Limine at 2.) However, because the court concludes that only the covenant not to compete is void and violative of public policy, rather than the entire contract, the defenses of illegality and public policy are of no aid to Defendants with regard to Plaintiff's remaining claims. In other words, because the court has granted summary judgment on any causes of action or allegations relying on the void covenant not to compete, the defenses of illegality and public policy no longer apply. Accordingly, the court denies Defendants' motion.

[5] In addition, Plaintiff Stonhard seeks a confidentiality Order and requests that the courtroom be sealed to protect any proprietary information. Defendants oppose this request.

*Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.' " *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## DISCUSSION

### I.     Defendants' Motion for Summary Judgment

On March 24, 2006, Defendants filed a motion for summary judgment on all of Plaintiff's claims. Defendants rely on the Supreme Court's answer to the second certified question and the South Carolina Court of Appeals' decision in *Jackson v. Bi-Lo Stores, Inc.*, 313 S.C. 272, 437 S.E.2d 168 (S.C. Ct. App. 1993), in support of their assertion that all of Plaintiff's claims are barred because the contract containing the illegal non-compete agreement is void. Plaintiff disagrees with Defendants and asserts that the void covenant not to compete is severable and therefore does not render the entire contract void. For the following reasons, the court agrees with Plaintiff.

The second certified question required the Supreme Court to determine "whether New Jersey

5

law would allow damages to be assessed from the time the alleged breach *of the covenant* commenced, rather than from the time the covenant is reformed, if reformed." *Stonhard*, 621 S.E.2d at 354 (emphasis added). The Court answered:

> We have no case in South Carolina or from the Fourth Circuit that has granted any relief other than injunctive relief for breach of a covenant not to compete. We are also unwilling to hold a party liable for breach of contract when the contract was void at the time of the alleged breach. . . .
>
> Because we have held that the covenant is unenforceable, the answer to this certified question is no.

*Id.* Here, there can be no question that the Supreme Court found the covenant not to compete void. However, Defendants rely on the second sentence from the above-quoted passage to support their assertion that the Supreme Court found the *entire contract* void. The court is unpersuaded.

First, as Plaintiff points out, the three questions certified to the Supreme Court related *only* to the non-compete provision contained in the contract.[6] Thus, the Supreme Court's answer to the second certified question implies only that a party cannot be held liable for breach of a covenant not to compete when that covenant was void at the time of the alleged breach. Whether the void covenant renders the entire contract void is an entirely separate issue, not addressed by the Supreme Court, and wholly dependent upon the severability of the void provision.

> A severable contract is one in its nature and purpose susceptible of division and apportionment, having two or more parts, in respect to matters and things contemplated and embraced by it, not necessarily dependent upon each other, nor is it intended by the parties that they shall be. The entirety or severability of a contract depends primarily upon the intent of the parties rather than upon the divisibility of the subject, although the latter aids in determining the intention.

---

[6] Additionally, in footnote 1, the Supreme Court states the following: "The enforcement of the non-compete agreement forms the subject of the questions before this Court." *Stonhard*, 366 S.C. at 159, 621 S.E.2d at 353, n. 1.

*Beach Co. v. Twillman, Ltd.*, 351 S.C. 56, 64-65, 566 S.E.2d 863, 867 (S.C. Ct. App. 2002) (citing *Columbia Architectural Group, Inc. v. Barker,* 274 S.C. 639, 641, 266 S.E.2d 428, 429 (1980) (quoting *Packard & Field v. Byrd,* 73 S.C. 1, 6, 51 S.E. 678, 679 (1905))).

Here, the parties clearly intended for the contract to be severable. Section 10 of the contract sets forth the following severability provision:

> Should a court of a competent jurisdiction hold any part(s) of my obligations to Stonhard to be invalid or unenforceable as violative of statutory or decisional law or public policy, such holding shall not affect the validity and enforceability of all my remaining obligations to Stonhard. In such event, I consent to the reformation of my agreement with Stonhard to the extent necessary to make my obligations to Stonhard valid and enforceable.

(Pl.'s Compl. Ex. B at 3.) Moreover, although the Supreme Court held that the void covenant not to compete could not be reformed or "blue penciled" in accordance with New Jersey law, the Supreme Court did not hold that entire covenant not to compete was not severable. Thus, in light of the parties' expressed intent, and in light of the divisibility of the subject of the contract,[7] the court finds that the void covenant not to compete is severable, and therefore, it does not render the entire contract void.[8] *See generally Rockford Mfg., Ltd. v. Bennet*, 296 F.Supp.2d 681, 687 (D.S.C.

---

[7] For instance, the duty of a Stonhard employee to devote his working time only to his employer or to inform his employer of any changes in his residence is (as contained in sections 3.1.1. and 3.1.3. of the employment contract) is distinct from a Stonhard employee's duty of loyalty and covenant not to compete.

[8] Defendants' reliance on *Jackson* does not change the court's conclusion. *See* 313 S.C. 272, 437 S.E.2d 168. In *Jackson*, one of the issues before the court was "whether partners are barred from asserting damages based on a contract which was secured by admitted illegal conduct." 313 S.C. at 276, 437 S.E.2d at 170. Specifically, in *Jackson*, partners in an oral partnership agreement made secret payments to a Bi-Lo buyer to secure, maintain, and increase the partnership's business. *Id.* at 277, 437 S.E.2d at 170. The court noted, "[u]nder South Carolina law, payments to an employee of a corporation for the purpose of obtaining, increasing or retaining its business is a crime. . . . [A] reasonable jury could only conclude the Jamarr partners committed the crime of bribery." *Id.* at 277, 437 S.E.2d at 170-71. The court ultimately found that the partners' illegal

2003) (discussing South Carolina law on the severability of contracts). Because the court finds Defendants' remaining arguments without merit, the court denies Defendants' motion for summary judgment.[9]

## II.     Plaintiff's Motion for Partial Summary Judgment

In its motion, Plaintiff asserts that the court should grant summary judgment on the issue of the duty of loyalty because Defendants have admitted breaching the duty of loyalty. Additionally, Plaintiff asserts that it is entitled to summary judgment on the issue of payment of wages.

With respect to the duty of loyalty, Plaintiff argues that Defendants have admitted their disloyalty to Stonhard. For instance, Plaintiff points out that Defendants admitted creating brochures advertising epoxy flooring as well as business cards with Stonhard telephone numbers. On the other hand, Defendants oppose Plaintiff's motion, asserting first that the Supreme Court found the entire contract void, and second, that Plaintiff has not alleged any duty of loyalty independent of the underlying contract. The court disagrees with Defendants.

First, as the court previously found, the void covenant not to compete did not render the

---

behavior "so taints the entire endeavor as to render the claims of the partners, which derive solely from the illegal agreement, unenforceable." *Id.* at 278, 437 S.E.2d at 171. Thus, the illegal bribery in *Jackson* resulted in a contract which clearly contravened public policy. The court finds *Jackson* entirely distinguishable from the present case.

[9] As a practical matter, the court affirms Judge Floyd's Order granting summary judgment as to any causes of action and allegations relying upon the breach of the void non-compete agreement. This is to say, summary judgment is granted *only* as to Plaintiff's claims and allegations relying on the alleged breach of the void covenant not to compete. To the extent Plaintiff's claims and allegations rely on portions of the contract not found to be void, such claims and allegations remain. The court also affirms Judge Floyd's denial of summary judgment on Plaintiff's unfair trade practices claim.

entire contract void.[10] However, even if the court concluded that the void covenant not to compete *did* render the entire contract void, Plaintiff clearly alleged breaches of the common law fiduciary duty and duty of loyalty, both in its complaint and in subsequent court pleadings.[11]  *See, e.g., Lowndes Prods., Inc. v. Brower*, 259 S.C. 322, 335-39, 191 S.E.2d 761, 767-70 (1972) (finding key employees who contacted investors and a customer of current employer in making plans to start a competing company, who left employer without notice, and who leased space and ordered materials, guilty of disloyalty in the absence of an employment contract).  Accordingly, Defendants' argument that Plaintiff has not alleged a claim for violation of the common law duty of loyalty is without merit.

Ultimately, the court believes that there is no question that Defendants breached the common law duty of loyalty.  Accordingly, the court grants Plaintiff's motion with respect to this issue.  Thus, the only issue of fact for the jury on this cause of action is the determination of damages, if any.

In contrast, the court believes that summary judgment on the issue of payment of wages

---

[10] Rather, the court severed paragraph 5 of the employment contract, titled "DUTY OF LOYALTY AND COVENANT OF NON-COMPETITION," leaving in tact remaining portions unrelated to the void non-compete. For instance, paragraph 3.1.1. requires employees to devote their working time to their best efforts of performing their duties at Stonhard.  Also, the Code of Conduct provides that employees or members of their families should not own a significant financial interest in any of Stonhard's competitors unless such interest has been fully disclosed to management and the employees' decisions would not be influenced by such financial interest.  Therefore, even though the court has granted summary judgment with respect to any of Plaintiff's claims or assertions regarding the void and severed section of the contract, any of Plaintiff's unrelated breach of contract claims remain.  Moreover, even though Plaintiff may not maintain a claim for breach of the contractual duty of loyalty, Plaintiff's claim for breach of the common law fiduciary duty and duty of loyalty remains.

[11] For instance, paragraph 18 of Plaintiff's complaint states: "Defendants owed Stonhard a fiduciary duty to exercise good faith and fair dealing and a duty of loyalty and fidelity in performing their obligations and job duties as employees and managers of Stonhard."  (Pl.'s Compl. ¶ 18.)

9

would be inappropriate at this time, in that this issue involves questions of material fact for the jury. Lastly, the court denies both Plaintiff's request for a Confidentiality Order and Plaintiff's request to seal the courtroom.

## CONCLUSION

It is therefore, **ORDERED,** for the foregoing reasons, that Defendant's motion in limine is **DENIED**, Defendants' motion for summary judgment is **DENIED**, and Plaintiff's motion for partial summary judgment is **GRANTED IN PART** and **DENIED IN PART.**

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**May 9, 2006**